UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-01498-AB-BFM | Date: | October 17, 2024 |
|---|---|---|---|

| Title: | *Baxter Bailey and Associates, Inc. v. Niagara Bottling, LLC et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Baxter Bailey and Associates, Inc. ("Plaintiff") filed this action in this court, invoking diversity jurisdiction. The Court has diversity jurisdiction where the matter in controversy exceeds the value of $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Complaint lacks allegations necessary to establish the citizenship of defendants Niagara Bottling LLC and Elite Transit Solutions LLC ("Defendants").

Plaintiff does not allege the citizenship of either Defendant. Both Defendants are LLCs. The citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To allege the citizenship of an LLC, "a party must list citizenship of all the members of the limited liability

company . . . " *Rolling Greens MHP, L.P.v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And if an LLC's member have members, the jurisdictional statement must allege the citizenship of the members' members, and so on. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Here, Plaintiff's allegations are insufficient to establish the citizenship of either Defendant.

Defendant Niagara Bottling, LLC, filed Counterclaims against counterdefendant Elite Transit Solutions LLC, but likewise failed to adequately allege the citizenship of either itself of Elite Solutions, LLC. *See* Dkt. No. 45, p. 10, ¶ 1 (alleging both LLC's citizenship as if they are corporations).

Given that both Plaintiff and Defendant Niagara Bottling, LLC, seek to invoke this Court's subject matter jurisdiction, both are **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Each party may respond with a declaration attesting to the citizenship of the parties, using the correct standard. The parties may also respond together, in a joint filing.

Any response must be filed **by November 1, 2024**. If no response is filed, the action may be dismissed without prejudice, without further notice, for lack of subject matter jurisdiction, so this action may be refiled in state court.

**IT IS SO ORDERED**.